Hat, Judge,
delivered the opinion of the court:
The plaintiff, who is an officer of the Dental Corps of the Army and who was retired with the rank of captain on March 27, 1917, and who was on July 22, 1921, placed on active duty as a professor of military science and tactics at St. Louis University Dental School, brings this suit for the difference between the active-duty pay and allowances of a colonel during the period from December 10, 1921, to March 31, 1924, and the pay and allowances received by him as a captain.
The plaintiff relies upon the provisions of the act of June 4,'1920, 41 Stat. 759, 786, the pertinent part of which reads as follows:
“Hereafter any retired officer who has been or shall be detailed on active duty shall receive the rank, pay, and allowances ox the grade, not above that of colonel, that he would have attained in due course of promotion if he had remained on the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed to active duty since his retirement.”
The plaintiff alleges that he would have attained the grade of colonel in the Dental Corps in due course of promotion if he had remained on the active list for a period of six months and nine days beyond the date of his retirement. He does not, however, state how that would have been accomplished.
Under the law as it stood when he was retired (39 Stat. 173) the highest rank provided for was that of major and it required a service of 24 years to attain that rank.
While the plaintiff was on the retired list the act of October 6, 1917, was passed (40 Stat. 397). This act was an emergency measure and largely increased the Dental Corps, and provided: “That immediately following the approval of this act all dental surgeons then in active service shall be recommissioned in the Dental Corps in the grades herein authorized in the order of their seniority and without loss of pay or allowances or of relative rank in the Army.”
The plaintiff was not in active service at the time of the passage of this act, and was not in position to take advantage of its provisions. The officers who were on the active list *161 were recommissioned, not promoted; nor was there any provision in the act which repealed the provision of the act of June 3, 1916, which required a service of 24 years before on officer of this corps could attain to the rank of major. The act of October 6, 1917, was a war measure, and only those who were then in active service could take advantage of it. Certainly officers on the retired list could acquire no rights under its provisions.
The plaintiff, we suppose, claims that if he had been in active service on October 6, 1917, he would have been recoin-missioned in the Dental Corps with the rank of colonel. Admitting that to be true, the fact does not meet the requirements of the act on which he relies. That act provides that if the officer be detailed on active duty he shall receive the rank, j>ay, and allowances of the grade “ that he would have attained in due course of promotion if he had remained on the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed to active duty since his retirement.” The plaintiff under the provisions of the act of October 6, 1917, would not have attained in due course of promotion the rank of . colonel. He might under the provisions of that act have been recommissioned in the Dental Corps with the rank of colonel had he remained in active service. It was his misfortune that he did not so remain, but he can not now be regarded as an officer on the retired list who is entitled to the benefits of the act of June 4, 1920, above cited, and on which he relies.
Attention is also called to section 10 of the act of June 4, 1920, 41 Stat. 767. which provides, that an officer of the Dental Corps must serve 26 years before he can attain the grade of colonel.
The plaintiff proposes that he shall be given the pay and allowances of a colonel after a service of only abotit 18 years.
The petition of the plaintiff must be dismissed, and it is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and CaMpbell, Chief Justice, concur.